**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONN DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case. No. 15-CV-180-TCK-FHM** |
| | ) | |
| **ALLISON-SMITH COMPANY, LLC,** | ) | |
| **a limited liability company; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Remand and Brief in Support (Doc. 32), in which

Plaintiff seeks remand of this case to the District Court of Mayes County, Oklahoma.

**I.      Background**

Plaintiff originally filed this action in the District Court of Mayes County, Oklahoma in

March 2015. Plaintiff is a union electrician who was employed by subcontractors at the construction

of a Google facility in Pryor, Oklahoma (the "Project"). Plaintiff alleges Defendants blacklisted

workers at the project, in violation of Okla. Stat. tit. 40, § 172. On March 9, 2015, Defendant

Oklahoma Electrical Supply Company ("OESCO") removed the case to this Court, asserting original

jurisdiction pursuant to 28 U.S.C. § 1331. Despite Plaintiff's characterization of his claim as one

arising under state law, OESCO argued Plaintiff's claim was preempted by § 301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiff subsequently filed his Motion

for Remand, asserting that this Court lacks jurisdiction over his claim.

**II.     Motion to Remand**

      **A.     Preemption**

            **1.     Legal Framework**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The "well-pleaded complaint" rule governs the presence or absence of federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, the rule requires that the federal question must appear on the face of the plaintiff's complaint. *Id.* "This rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

However, an "independent corollary" to the well-pleaded complaint rule, known as the "complete pre-emption" doctrine, provides that "if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23-24 (1983). The complete pre-emption doctrine is applied primarily in cases involving claims preempted by § 301 of the LMRA. Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "The Supreme Court has further elaborated that '[s]ection 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1301 (10th Cir. 2000) (quoting *Caterpillar*, 482 U.S. at 394). In determining

whether a claim is founded on rights created by a collective bargaining agreement or substantially

dependent on such an agreement, courts first look to the plaintiff's complaint but may "look beyond

the allegations of the complaint, often to the petition for removal." *Id.*

The United States Supreme Court has held that "when resolution of a state-law claim is

substantially dependent upon analysis of the terms of an agreement made between the parties in a

labor contract" such claim is preempted by § 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220

(1985) (preempting state-law tort action for bad-faith delay in making disability benefit payments

under a collective bargaining agreement). However, the *Allis-Chalmers* court noted that "not every

dispute concerning employment, or tangentially involving a provision of a collective-bargaining

agreement" was prempted by § 301:

> Clearly, § 301 does not grant the parties to a collective-bargaining agreement the
> ability to contract for what is illegal under state law. In extending the preemptive
> effect of § 301 beyond suits for breach of contract, it would be inconsistent with
> congressional intent under that section to pre-empt state rules that proscribe conduct,
> or establish rights and obligations, independent of a labor contract. Therefore, state-
> law rights and obligations that do not exist independently of private agreements, and
> that as a result can be waived or altered by agreement of private parties, are pre-
> empted by those agreements.

*Id.* at 212.

### 2.      Analysis of Plaintiff's Claim

Plaintiff alleges a blacklisting claim arising under Oklahoma statutory law. The Oklahoma

blacklisting statute, Okla. Stat. tit. 40, § 172 ("Section 172"), provides as follows:

> No firm, corporation or individual shall blacklist or require a letter of relinquishment,
> or publish, or cause to be published, or blacklisted, any employee, mechanic or
> laborer, discharged from or voluntarily leaving the service of such company,
> corporation or individual, with intent and for the purpose of preventing such
> employee, mechanic or laborer, from engaging in or securing similar or other
> employment . . . .

Despite Plaintiff's characterization, OESCO argues Plaintiff's claim should be treated as one for breach of a labor agreement under Section 301 of the LMRA. Specifically, OESCO alleges the collective bargaining agreements related to the Project "contain unrestricted management rights to enforce the employers' and the owner's worksite rules at the Project, which include a rule that certain conduct will make an employee ineligible for employment at the Project with any employer." (Def.'s Resp. to Pl.'s Mot. to Remand at 2.)

The Tenth Circuit specifically addressed whether a blacklisting claim brought under Utah law was preempted by the LMRA in *United Association of Journeymen v. Bechtel Power Corporation*, 834 F.2d 884 (10th Cir. 1987). In considering a motion to dismiss for lack of jurisdiction, the Tenth Circuit held that the blacklisting cause of action was:

> derived entirely from rights and duties created by state law and not from the terms, express or implied, of the collective bargaining agreement here invoked. The Utah blacklisting laws arguably confer "nonnegotiable state-law rights on . . . employees independent of any right established by contract."

*Bechtel Power*, 834 F.2d 884, 889 (10th Cir. 1987) (quoting *Allis-Chalmers*, 471 U.S. at 213).

The Court finds that Plaintiff's blacklisting claim is neither founded on rights created by a collective bargaining agreement or substantially dependent on the analysis of a collective bargaining agreement and, therefore, is not preempted by Section 301 of the LMRA. Like the Utah statute at issue in *Bechtel Power*, the Court finds that the Oklahoma blacklisting statute confers a non-negotiable state right upon employees.[1] For that reason, the Court finds *Bechtel Power* both

---

[1] OESCO asserts that *Bechtel Power* concerned only the application of Utah law and, therefore, is non-binding. However, OESCO fails to acknowledge that the Utah and Oklahoma statutes are nearly identical. *Compare* Utah Code Ann. § 34-24-1 ("No person shall blacklist or publish, or cause to be published or blacklisted, any employee discharged or voluntarily leaving the service of any person, company, or corporation with intent and for the purpose of preventing such employee from engaging in or securing similar or other employment from any other person,

4

persuasive and binding. Like the Utah statute, § 172 proscribes conduct independent of the existence of any collective bargaining agreement. As such, Plaintiffs' claim is not founded on a right created by a collective bargaining agreement but, instead, is "derived entirely from rights and duties created by state law." *Id.* OESCO argues that Plaintiffs failed to file a grievance for breach of collective bargaining agreement, as required by the terms of the agreement. However, as noted, the Oklahoma blacklisting statute provides a remedy which is separate and distinct from any collective bargaining agreement.

On its face, § 172 does not require a court to interpret any collective bargaining agreements. Instead, a court must determine whether an employee was discharged or voluntarily left the service of the employer. OESCO argues "the Court cannot resolve Plaintiff's claim without reviewing the labor agreements between the Electrical Subcontractors and the Union to determine the rights and obligations of the Electrical Subcontractors under such agreements." (Def.'s Resp. to Pl.'s Mot. to Remand at 9.) Specifically, OESCO cites a provision in one of the collective bargaining agreements which provides that "[e]mployees who are justifiably terminated for cause, or who voluntarily quit, will not be eligible for referral to PCO jobsite for other employers for a period of sixty days." (*Id.* at 9-10.)

---

company, or corporation."); *with* § 172 ("No firm, corporation or individual shall blacklist or require a letter of relinquishment, or publish, or cause to be published, or blacklisted, any employee, mechanic or laborer, discharged from or voluntarily leaving the service of such company, corporation or individual, with intent and for the purpose of preventing such employee, mechanic or laborer, from engaging in or securing similar or other employment . . . .").

OESCO is correct that a collective bargaining agreement may ultimately be *relevant* to

Plaintiff's allegations of blacklisting. However, a collective bargaining agreement may be relevant

as a defense without causing the claim to be preempted by § 301:

> "It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state law claim survives. But, the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule . . . . When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law . . . . If a defendant could do so, the plaintiff would be the master of nothing."

*Bechtel*, 834 F.2d at 889-90 (quoting *Caterpillar*, 482 U.S. at 398-99). Here, Plaintiff has chosen

to plead an independent state-law blacklisting claim that does not require analysis of a collective

bargaining agreement. Accordingly, Plaintiff's Motion for Remand is granted.

## III.    Conclusion

Plaintiff's Motion for Remand and Brief in Support (Doc. 32) is GRANTED. Plaintiff's

claim is remanded to the District Court of Mayes County, Oklahoma.

**SO ORDERED this 17th day of August, 2015.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**